UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                    Case No. 3:04-CR-47

JONATHAN WARD,                       HONORABLE AVERN COHN
and HOWARD KIRK GIBNEY,

     Defendants.

_____/

## MEMORANDUM AND ORDER DENYING WARD'S MOTION TO DISMISS THE INDICTMENT

I.

     This is a criminal case.  Before the Court is defendant Jonathan Ward's motion to dismiss the superseding indictment on the grounds that it fails to allege a substantial affect on interstate commerce, relying on United States v. Lopez, 514 U.S. 549 (1995) in which the United States Supreme Court struck down the Gun-Free School Zones Act of 1990 for exceeding the scope of the Commerce Clause.  The matter is ready for decision.[1]  For the reasons that follow, the motion is DENIED.

II.

     Section 844(i) provides: "Whoever maliciously damages or destroys, or attempts

_____

     [1]On June 16, 2005, the Court held a hearing with the parties to discuss various pending matters, including the instant motion.  At the hearing Ward obtained new counsel.  On June 21, 2005, the Court entered an order taking the motion under advisement and afforded Ward's new counsel an opportunity to file a supplemental paper.  On August 2, 2005, Ward's counsel filed a notice stating that the motion was submitted for decision.

to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce *or in any activity affecting interstate or foreign commerce* shall be imprisoned for not less than 5 years and not more than 20 years...."  18 U.S.C. § 844(i) (emphasis added).  The statute thus covers the arson of any building that is either used in interstate commerce or that is used in any activity affecting interstate commerce.  "Interstate commerce" is defined as "commerce between any place in a State and any place outside of that State." 18 U.S.C. § 841(b).

Fed. R. Crim. P. 7(c)(1) requires that the indictment "shall be a plan, concise an definite written statement of the essential facts constituting the offense charged."

The superceding indictment charges that Ward "maliciously damages, by means of fire, a building used in interstate commerce."  Each building is further described as a "business" with a particular address.  The business are all apparently retail mattress stores.

The government is correct that there is no requirement in the arson statute or Federal Rules of Criminal Procedure which requires that an indictment charging arson must also specifically allege that the activity "substantially affected interstate commerce."  The language in the indictment regarding the interstate commerce element satisfies the requirements of Rule 7.

Notably, Ward does not argue that the activity the buildings were involved in is an activity which does not affect interstate commerce.  Rather, Ward's argument is confined to the language of the indictment itself, not the nature of the substantive charge of arson.  Moreover, while Ward also appears to argue that the federal arson

2

statute itself is unconstitutional, the Court of Appeals for the Sixth Circuit recently reaffirmed that arson may be properly considered a federal crime when the building is involved in interstate commerce.  See United States v. Laton, 352 F.3d 286 (6th Cir. 2003) (reversing district court's dismissal of a federal arson indictment on the grounds that building was not involved in interstate commerce).

Accordingly, the superceding indictment is not defective.

SO ORDERED.


                                                 s/  Avern Cohn
                                                  AVERN COHN
                                   UNITED STATES DISTRICT JUDGE

Dated: August 16, 2005
         Louisville, Kentucky