UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 3:04-CR-47

JONATHAN WARD,    HONORABLE AVERN COHN
and HOWARD KIRK GIBNEY

    Defendants.

_____/

## MEMORANDUM AND ORDER GRANTING GOVERNMENT'S MOTION TO EXCLUDE PERIODS OF DELAY FROM SPEEDY TRIAL COMPUTATION AS TO WARD AND DENYING WARD'S MOTION TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT

I.

This is a criminal case. Before the Court is the government's motion to exclude periods of delay from speedy trial computation and Ward's motion to dismiss for violation of the Speedy Trial Act. For the reasons that follow, the government's motion is GRANTED and Ward's motion is DENIED.

II.

A.

The Speedy Trial Act, 18 U.S.C. § 3161 (the STA), requires that a criminal defendant be brought to trial within 70 days from the latest date of arrest, the filing of an indictment, or the first appearance before the court. Henderson v. United States, 476 U.S. 321, 323 (1986). The STA provides that if this time limit is exceeded, an

indictment "shall be dismissed on motion of the defendant," with or without prejudice. 18 U.S.C. § 3162(a)(2). However, the STA also provides for periods of excludable delay during which the 70-day "clock" does not operate. See id. § 3161(h). The district court has discretion to exclude a delay from the 70-day time limit, and a decision to exclude a delay will only be reversed upon a showing of actual prejudice. United States v. Cianciola, 920 F.2d 1295, 1298 (6th Cir.1990) (citing United States v. Monger, 879 F.2d 218, 221 (6th Cir.1989)).

18 U.S.C. § 3161(h) sets forth several periods of time that are excluded from computation. At issue here are § 3161(h)(1)(F) and § 3161(h)(1)(J), which provide as follows.

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
> ...
> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> ...
> (J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

B.

1.

The government seeks to exclude from the speedy trial computation all time for the period from November 17, 2004 until the present. The government says that on that date, Ward filed a pro se motion to dismiss his appointed counsel which stopped the clock until January 13, 2004 when Ward was actually appointed new counsel. The

government also says that on January 12, 2005 Ward filed a number of pro se motions which stopped the clock until no later than 30 days, or February 12; however, on January 28, 2005 Ward filed another set of pro se motions, which were fully briefed as of February 5. Thus, 30 days from February 5 can be excluded, and the Court disposed of the motions on March 3. In the meantime, on February 22, Ward filed a motion for review of detention order which again stopped the clock. The motion was ready for decision on March 8 which stopped the clock until April 8. However Ward filed a motion to dismiss the indictment on March 11 which was ready for decision on March 31 and stopped the clock until April 31. Again, however, Ward filed more pro se motions on April 17 which further stopped the clock. On April 18, Ward's counsel filed a motion to withdraw and the district judge to whom the case was assigned recused himself. On May 9, the undersigned was appointed to preside over the case which further stopped the clock. On June 16, the Court held a hearing at which it appointed new counsel for Ward and gave counsel an opportunity to supplement the pending motion to dismiss the indictment. Thus, the clock remain stopped because of additional filings. On August 1, Ward's counsel filed a notice that the motion was ready for decision, which stopped the clock for another 30 days. The Court has disposed of the motion to dismiss the indictment by an order dated today. Also on August 1, Ward's counsel filed a motion to dismiss for violation of the STA, which again stopped the clock. The government filed a response on August 9. The clock remains stopped until the motion is disposed of the instant order.

    The government also says that only 52 non-excludable days have elapsed since Ward made his initial appearance on May 10, 2004.

3

2.

Ward argues that 192 non-excludable days have elapsed.  Essentially, Ward says that once a motion is filed, only 30 days are excludable once the matter is taken under advisement and there are no motions taken under advisement since November 17.  Ward says the motions of November 17 were resolved on December 16 and the motions of January 12, 2005 were resolved on March 3.  The only remaining motion - the motion to dismiss the indictment - was ready for decision on March 31.  Thus, Ward says there is no basis to exclude the time since the filing of the motion to dismiss up to and including the appointment of new counsel on June 16.  As a result, 192 days have elapsed.

C.

The government's position is well-taken.  Ward's argument ignores the fact that every time the clock was set to expire under the 30 day provision of 3161(h)(1)(J), Ward filed additional motions which kept the clock stopped.  Moreover, the November 17 motion was not resolved by the Court's order of December 16, but rather was resolved on January 13 when Ward was appointed a new attorney.  The 30 day period begins to run not from the time the motion is filed, but from the time the court received all the information necessary to decide the motion.  This did not occur until the Court found a new attorney for Ward on January 13.  Meanwhile, on January 12, Ward filed another motion which again stopped the clock.

Ward argues that the clock on the motion to dismiss the indictment stopped on March 31.  This is incorrect.  Due to the circumstances of the case, particularly the appointment of a new judge and Ward's request for new counsel, the Court gave

4

Ward's new counsel an opportunity at the June 16 hearing to supplement the motion to dismiss the indictment. Ward's counsel did not object. The Supreme Court has held that under § 3161(h)(1)(F) "excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition." <u>Henderson v. United States</u>, 476 U.S. 321 (1986). It was not until August 1 that Ward's counsel indicated the motion was ready for decision. Thus, Ward's motion to dismiss stopped the clock from the date of filing the present.

As carefully explained in the government's response, there is no violation of the STA. The time from November 17, 2004 to the present is properly excludable under the STA.

SO ORDERED.

                                                <u>s/ Avern Cohn</u>
                                                AVERN COHN
Dated: August 16, 2005         UNITED STATES DISTRICT JUDGE
       Louisville, Kentucky